# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CRIMINAL NO. 96-30004-01-GPM |
| BILLY RAY BAKER, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On September 19, 1996, Defendant Billy Ray Baker was sentenced to a 324-month term of imprisonment with 5 years of supervised release. His sentence of imprisonment was reduced to 216 months on February 13, 1997. He filed neither a direct appeal nor a collateral attack under 28 U.S.C. § 2255.

In January 2006, Defendant Baker filed a motion to preserve issues in light of the Supreme Court's rulings in *United States v. Booker*, 125 S. Ct. 738 (2005), *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). That motion was denied in April 2006. Thereafter, Defendant filed a motion under "Rule 60(b)(6)" requesting re-sentencing and challenging his status as a career offender. After filing that motion, Defendant filed a motion for default judgment and a motion for an order to show cause. This Court ordered the Government to respond to Defendant's motions. The Government has done so, and the Court can now dispose of these motions.

The Seventh Circuit Court of Appeals has repeatedly held that a postconviction motion that

is functionally a § 2255 motion should be treated as such, regardless of how it is labeled. *See, e.g., Carter v. United States*, 312 F.3d 832, 833 (7th Cir. 2002). It also is clear that the district court must warn a defendant before treating the postconviction motion as such to allow him an opportunity to withdraw it because, with limited exceptions, the Antiterrorism and Effective Death Penalty Act, which governs collateral attacks on criminal judgments, gives a prisoner only one chance at postconviction review. *Id*. In this case, such procedure is not warranted, however, because Defendant Baker's motion, which is substantively within the scope of § 2255, is so obviously time-barred under the applicable 1-year period of limitation. Accordingly, Defendant's "Rule 60(b)(6) motion" seeking re-sentencing based on a challenge to his career offender status (Doc. 166) is **DISMISSED for lack of jurisdiction**. His motions for default judgment and for an order to show cause (Docs. 167, 168) are **DENIED**.

Finally, in November 2007, Defendant filed a motion for reduction of sentence pursuant to the amendment of the United States Sentencing Guidelines relating to crack cocaine (Doc. 171). These amendments will become retroactive effective in March 2008, and all such motions are being handled pursuant to this Court's Administrative Order 102. The Clerk of Court is **DIRECTED** to file a copy of Administrative Order 102 in this case and to proceed in accordance therewith.

**IT IS SO ORDERED.**

DATED: 02/13/08

*s/ G. Patrick Murphy*
G. Patrick Murphy
United States District Judge